# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| BRANDON GERARD HATCHETT,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHELLE REESE, CEDAR RAPIDS POLICE DEPARTMENT, LINN COUNTY, and TRISHA HUDSON,<br><br>  Defendants. | No. C21-0075-LTS-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |
| BRANDON GERARD HATCHETT,<br><br>  Plaintiff,<br><br>vs.<br><br>CHICAGO TRANSIT AUTHORITY, KELLY PROPERTY INC., and CHANTAIL ROBINSON,<br><br>  Defendants. | No. C21-0083-LTS-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |
| BRANDON GERARD HATCHETT,<br><br>  Plaintiff,<br><br>vs.<br><br>REMEDY INTELLIGENT STAFFING, CHRIS (Last Name Unknown), LISA HILL, GMI STAFF, and DOUG GUDANKAUF,<br><br>  Defendants. | No. C21-0087-LTS-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |

| | |
|---|---|
| BRANDON GERARD HATCHETT,<br><br>    Plaintiff,<br><br>vs.<br><br>NAOMI LEE, DION HATCHETT,<br>TRISHA HUDSON, and TREAMOND<br>FRANKLIN,<br><br>    Defendants. | No. C21-0089-LTS-MAR<br><br>**MEMORANDUM<br>OPINION AND ORDER** |
| BRANDON GERARD HATCHETT,<br><br>    Plaintiff,<br><br>vs.<br><br>BRANDON AUSTIN, DERMWIN<br>TAYLOR, STEVE WARNER, and<br>IOWA PAROLE OFFICE,<br><br>    Defendants. | No. C22-0037-LTS-MAR<br><br>**MEMORANDUM<br>OPINION AND ORDER** |
| BRANDON GERARD HATCHETT,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHELLE REESE, CHIEF OF<br>POLICE, BRENT (Last Name<br>Unknown), and STEVE WARNER,<br><br>    Defendants. | No. C22-0044-LTS-MAR<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

| | |
|---|---|
| BRANDON GERARD HATCHETT, | |
| Plaintiff, | No. C22-0045-LTS-MAR |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| STEVE WARNER, DOUG GUDUNKUF, CEDAR RAPIDS POLICE DEPARTMENT, and NAOMI REN LEE, | |
| Defendants. | |

This matter is before me pursuant to seven cases filed by pro se plaintiff Brandon Gerard Hatchett. In the first case, C21-0075-LTS, Hatchett filed a motion to proceed in forma pauperis (C21-0075-LTS, Doc. 1), a civil rights complaint (C21-0075-LTS, Doc. 1-1) and a supplement to the complaint (C21-0075-LTS, Doc. 2). In the second case, C21-0083-LTS, Hatchett filed a civil rights complaint (C21-0083-LTS, Doc. 1). In the third case, C21-0087-LTS, Hatchett filed a motion to proceed in forma pauperis (C21-0087-LTS, Doc. 1) and a civil rights complaint (C21-0087-LTS, Doc. 1-1). In the fourth case, C21-0089-LTS, Hatchett filed a motion to proceed in forma pauperis (C21-0089-LTS, Doc. 1) and a civil rights complaint (C21-0089-LTS, Doc. 1-1). In the fifth case, C22-0037-LTS, Hatchett filed a motion to proceed in forma pauperis (C22-0037-LTS, Doc. 1) and a civil rights complaint (C22-0037-LTS, Doc. 1-1). In the sixth case, C22-0044-LTS, Hatchett filed a motion to proceed in forma pauperis (C22-0044-LTS, Doc. 1) and a civil rights complaint (C22-0044-LTS, Doc. 1-1). In the seventh case, C22-0045-LTS, Hatchett filed a motion to proceed in forma pauperis (C22-0045-LTS, Doc. 1) and a civil rights complaint (C22-0045-LTS, Doc. 1-1).

## I. MOTIONS TO PROCEED IN FORMA PAUPERIS

Hatchett, who is not incarcerated, did not pay the statutory filing fee in any of these cases. *See* 28 U.S.C. § 1914(a) (requiring filing fee).[1] In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In six of the seven cases, Hatchett filled out the standard form to apply to proceed in forma pauperis and his submissions substantially comply with the requirements.[2] Hatchett's motions to proceed in forma pauperis (C21-0075-LTS, Doc. 1; C21-0087-LTS, Doc. 1; C21-0089-LTS, Doc. 1; C22-0037-LTS, Doc. 1; C22-0044-LTS, Doc. 1; and C22-0045-LTS, Doc. 1) are **granted**.

## II. INITIAL REVIEW STANDARD

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2).

In reviewing an in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to

---

[1] This includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52. . .").

[2] Hatchett submitted neither the filing fee nor a motion to proceed in forma pauperis in C21-0083-LTS.

4

support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim pursuant to § 1915(e)(2), courts generally rely on the standards articulated pursuant to Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *Id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### III. INITIAL REVIEW ANALYSIS

#### A. *§ 1983 Standard*

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

§ 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against

5

anything." *Chapman*, 441 U.S. at 617. Rather, § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (§ 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Hatchett's Cases

#### 1. C21-0075-LTS

In Hatchett's first case, he names as defendants Linn County, the Cedar Rapids Police Department, and two individual parole officers: Michelle Reese and Trisha Hudson. C21-0075-LTS, Doc. 1-1, at 2-3. Hatchett asserts claims pursuant to both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[3] There is no indication, however, that any of the defendants are a part of or work for the federal government. Therefore, *Bivens* does not apply.

Hatchett alleges that the defendants violated his rights through, among other things, "racial profiling, sexual misconduct, stolen checks from government facility, Patriot Act, wire taps in my house and car, cell phone, intrusion on a person's seclusion

---

[3] *Bivens* allows persons claiming a constitutional violation to assert a monetary claim against individuals working for the federal government. "The effect of [*Bivens*] was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous, to [a 42 U.S.C.] § 1983 action against state officials." *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980); *see also Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1337–38 (9th Cir. 1987).

or solitude, video" and "medical malpractice" and "trying to stop me from dating women." *Id.* at 3. He asserts that the defendants put sensors in him against his will, forced him to sign a contract, and made it into a TV show. *Id.* at 4. He asserts that his sustained injuries include "death of children, rape of female friends, breaking and entering, death of females friends, head trauma, spine, leg, knee injury, cut open my larynx and place device sensors for audio, made TV show about me" and he requests an injunction and hundreds of millions of dollars in damages. *Id.* at 5.

A pro se litigant "is not excused from complying with procedural rules, including Federal Rule of Civil Procedure 8, which requires a short and plain statement showing the pleader is entitled to relief, and that each allegation in the pleading be simple, concise, and direct." *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (unpublished per curiam) (citation omitted). Hatchett has failed to allege how each defendant violated his rights. Hatchett either directs his claims generally against every defendant or fails to identify any defendant. See *Tatone v. SunTrust Mortgage, Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."); *Boggs v. Am. Optical Co.,* No. 4:14-CV-1434-CEJ, 2015 WL 300509, at *2 (E.D. Mo. Jan. 22, 2015) ("A 'shotgun pleading' or 'kitchen sink pleading' in which a plaintiff asserts every possible cause of action against a host of defendants for actions over a prolonged period . . . but without facts specific enough that those defendants can respond to the allegations does not comport with even the most generous reading of Rule 8(a)"). Hatchett has made a series of general and conclusory accusations, and he has failed to allege facts giving rise to any plausible claims against defendants. S*ee Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating a claim requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."); *see also Kaylor v. Fields,* 661 F.2d 1177, 1183 (8th Cir. 1981) (stating that a "complaint

7

must contain something more than mere conclusory statements that are unsupported by specific facts").

To state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010); *see also Stone,* 364 F.3d at 914 (8th Cir. 2004) ("Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced.") (citation omitted); *Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir. 1984) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law."). Hatchett has failed to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2).

In addition, it appears the complaint, or at least a large portion of it, may be time-barred because he filed suit on August 30, 2021, more than two years after he asserts the events giving rise to his claims occurred. In his complaint, Hatchett asserts that the events occurred "at Larry A. Nelson Center between May-June of 2019" and "July 2019" and "still ongoing." C21-0075-LTS, Doc. 1-1, at 4. Section 1983 claims are governed by the relevant state's personal injury statute of limitations. *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985). In Iowa, § 1983 actions are subject to a two-year statute-of-limitations. *See* Iowa Code § 614.1(2). The only dates listed by Hatchett were more than two years prior to his filing suit. For the above reasons, I **dismiss** his complaint with prejudice.

### 2. *C21-0083-LTS*

In Hatchett's second case, he neither submitted the $402 filing fee nor did he file a motion to proceed in forma pauperis. Typically, I would grant a plaintiff 30 days to either pay the filing fee or file a motion to proceed in forma pauperis. Hatchett, however, has demonstrated an understanding of the need to either pay the filing fee or file a motion to proceed in forma pauperis by having filed a motion in the other six cases. Considering

that, as well as Hatchett's recent history of filing frivolous cases, I **dismiss** this case without prejudice for failing to pay the filing fee or file a motion to proceed in forma pauperis.[4]

### 3. *C21-0087-LTS*

Hatchett's complaint in C21-0087-LTS (Doc. 1-1) alleges that defendants violated his rights through sexual harassment, disrespected him, used keys to enter his home, "violated sex rights by force and paperwork from office," isolated him and slandered him, among various other incomprehensible allegations. C21-0087-LTS, Doc 1-1, at 2-3. Hatchett's complaint, consisting of lists of rambling allegations, fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2). Instead, he has made a series of general conclusory accusations untied to individual defendants in his complaint.

Hatchett asserts claims pursuant to both 42 U.S.C. § 1983 and *Bivens*. He sues Remedy Intelligent Staffing Supervisor Lisa Hill, Office Manager Chris (unknown last name), GMI Staff and Doug Gudankauf. C21-0087-LTS, Doc. 1-1, at 1-2. There is no indication, however, that any of the defendants are a part of or work for the federal government, and, therefore, *Bivens* does not apply. In addition, there is no indication that the private companies, or any of its employees, were either state actors or acting under the color of state law. 42 U.S.C. § 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. Consequently, none of the defendants are proper § 1983 defendants.

For all of the reasons detailed above, I find that Hatchett's complaint fails to state any claim upon which relief may be granted and **dismiss** the complaint.

---

[4] Hatchett's complaint (C21-0083-LTS, Doc. 1) also fails to state a claim as required by Federal Rule of Civil Procedure 8(a)(2). His complaint is missing page 2, fails to list any federal constitutional or statutory rights that are being violated by state and local officials, does not allege specific facts showing he is entitled to relief, and fails to explain how the private defendants are either state actors or acting under color of state law pursuant to § 1983.

9

### 4. *C21-0089-LTS*

Hatchett's complaint in C21-0089-LTS (Doc. 1-1) asserts claims pursuant to both 42 U.S.C. § 1983 and *Bivens*. With respect to § 1983, Hatchett asserts that the defendants violated his rights through "stolen checks, federal income tax, union pay, forwarding cell phone calls from personal cell phone, stolen mail." C21-0089-LTS, Doc. 1-1, at 2. He asserts "[t]he victims saw what happened, witness assault, sexual assault" and then lists names. *Id.* at 3. He does not identify what constitutional rights are being violated by a federal official under *Bivens*. *Id.* at 2-3. Hatchett lists as defendants Naomi Lee (CIA), Calumet police officer Dion Hatchett, parole officer Trisha Hudson, and Agent Treamond Franklin. *Id.* at 1-2.

Once again, Hatchett's complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2). His complaint, both incomprehensible and conclusory, does not allege any claim upon which relief may be granted and is **dismissed**.

### 5. *C22-0037-LTS*

In Hatchett's fifth case, he sues the Iowa Parole Office, parole officer Brandon Austin in his official capacity, treatment facilitator Dermwin Taylor in his official capacity, and High Risk Unit officer Steve Warner in his individual and official capacity. C22-0037-LTS, Doc. 1-1, at 2-3. Hatchett asserts claims pursuant to both 42 U.S.C. § 1983 and *Bivens*. There is no indication, however, that any of the defendants work for the federal government, and therefore, *Bivens* is not applicable. Hatchett alleges that defendants violated his rights through, among other things, "harassment, illegal wire taps in home and car, racist statements, death threats, interference of post-conviction appeal, unlawful entry," "spray painting on my door telling friends and family to stay out, passed me STD or STI, passed out my keys to my home, offered female friends one thousand dollars for sex, tried to make me do the same thing for homosexual sex, filing sexual assault charges." *Id.* at 3. He asserts that defendants "violated my rights race, color, sex, sexual origin. Stopped me from having sex with women." *Id.* at 4. Once again,

10

Hatchett offers merely a laundry list of conclusory and vague allegations that are difficult to discern and that do not support a cognizable claim. He fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2), and therefore his complaint is **dismissed** without prejudice.

In addition, claims against some defendants are barred because they are not proper § 1983 defendants and immune from suit. 42 U.S.C. § 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. Therefore, the proper defendant in a § 1983 action is the specific person who is alleged to have committed a constitutional violation. As such, the Iowa Parole Office is not a proper defendant. And the individual defendants are immune from suit in their official capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Furthermore, Hatchett makes a series of allegations about crimes committed against third parties by numerous individuals he does not name as defendants, and he requests charges be filed against them. *Id.* at 5, 7. However, private citizens have no standing to file criminal charges in federal court. *Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000). As the United States District Court for the District of Nebraska explained:

> The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys. *United States v. Bryson*, 434 F. Supp. 986, 988 (W.D. Okla. 1977) (collecting cases). "[I]t is today beyond all reasonable doubt that 'the prosecution of violations of federal criminal law in federal court is a function of the federal government, not private parties,' (*Nagy*, 2012 WL 1858983, at *2), and federal courts lack the power to direct the filing of criminal charges." *Mikhail v. Kahn*, 991 F.Supp.2d 596, 636 (E.D. Pa.) *aff'd*, 572 F. App'x 68 (3d Cir.2014).

*In re Higgins*, 2015 WL 1651424, at *1 (D. Neb. 2015); *see also United States v. Armstrong*, 517 U.S. 456, 464 (1996) (making clear that it is the executive branch that retains broad discretion to enforce the nation's criminal laws).

11

### 6. *C22-0044-LTS*

In Hatchett's sixth case, he sues residential parole officer Michelle Reese, in her individual and official capacity, as well as the Chief of Police of Cedar Rapids, parole officer Brent (last name unknown) and High Risk Unit officer Steve Warner in their official capacities under § 1983. C22-0044-LTS, Doc. 1-1, at 2-3. Hatchett alleges, among other things, that the defendants violated his rights through "unlawful surveillance, unlawful entry gathering evidence of DNA off underwear, stalking, race, sexual orientation, color, religion or national origin, obstruction of justice, Title 18 U.S.C. Section 245 willful injury, intimidation, or interference by force or threat." *Id.* at 3. He asserts that the police threated to imprison him, claimed they would charge him with crimes committed by someone else and offered women money to file sex offence charges against him. *Id.* at 4. He also includes handwritten pages that, while difficult to discern, appear to allege that police were present when his child was raped and killed and that they laughed and asserted they would charge him with the crimes. *Id.* at 5-6. Hatchett's claims are once again barred by Federal Rule of Civil Procedure 8(a)(2) because his complaint fails to include a short and plain statement showing that he is entitled to relief. Therefore, Hatchett's claim is **denied** and this case is **dismissed**.

Additionally, again, his claims are barred for other reasons. First, claims against some defendants are barred because they are not proper § 1983 defendants and immune from suit. The individual defendants are immune from suit in their official capacities. *See Will*, 491 U.S., at 71. Moreover, Hatchett also requests criminal charges are filed against the defendants. *Id.* at 7. As discussed above, I do not have the authority to investigate or commence criminal proceedings or order the government to do so. *Armstrong*, 517 U.S. at 464.

### 7. *C22-0045-LTS*

In his seventh case, Hatchett filed a § 1983 complaint against High Risk Unit officer Steve Warner in his official capacity, Doug Gudunkuf in his individual and official

12

capacity, the Cedar Rapids Police Department in its official capacity, and CIA agent Naomi Ren Lee in her official capacity. C22-0045-LTS, Doc. 1-1, at 2-3. Hatchett alleges that the defendants violated his rights based on "color, race, sex, under color of authority, malfeasance in office, sexual orientation, and willful neglect." *Id.* at 3. Never does he explain how the defendants did so. Hatchett then alleges his sister was raped and murdered, and defendants are telling people that they are not allowed to see Hatchett, they charged Hatchett with this crime, and other unrelated allegations. *Id.* at 4. His asserted injury is "back injuries." *Id.* at 5.

Again, Hatchett's claims are barred by Federal Rule of Civil Procedure 8(a)(2) because his complaint fails to include a short and plain statement showing that he is entitled to relief. And, again, defendants are immune from suit. Hatchett's claims are **denied** and this case is **dismissed**.

Finally, Hatchett also requests that I "press criminal charges on officers." *Id.* at 5. As discussed above, that request also fails.

### IV. *NOTICE OF POSSIBLE SANCTIONS*

Hatchett has become a serial filer of frivolous federal lawsuits. He filed the seven current cases within a span of nine months. They contain incomprehensible nonsense and laundry lists of violations untied to facts or defendants. They encompass conspiratorial theories and meaningless hyperbole and are marred by slurs and inflammatory statements. None of the complaints contain a "short and plain statement of the claim" under Federal Rule of Civil Procedure 8(a)(2). Nor does Hatchett attempt to tie individual defendants with specifical allegations of violations of his rights. In none of his cases did he come close to making an allegation that could survive summary

dismissal.[5] Rather, he is simply using the court as a forum to publicize his views about various people and organizations.

Based on the forgoing, Hatchett is put on notice that if he files further frivolous cases in this district, or cases that are dismissed at the initial review stage for failure to state a claim, he will be directed to show cause why he should not be sanctioned for abusing the judicial system. Sanctions could include monetary penalties and restrictions on his ability to file new cases in this district.[6]

## V. CONCLUSION

For the reasons set forth herein:

1. Each of Hatchett's motions to proceed in forma pauperis (C21-0075-LTS, Doc. 1; C21-0087-LTS, Doc. 1; C21-0089-LTS, Doc. 1; C22-0037-LTS, Doc. 1; C22-0044-LTS, Doc. 1; and C22-0045-LTS, Doc. 1) is **granted.**

2. The Clerk's office is directed to file each complaint (C21-0075-LTS, Doc. 1-1; C21-0087-LTS, Doc. 1-1; C21-0089-LTS, Doc. 1-1; C22-0037-LTS,

---

[5] Hatchett is no longer in custody, but if he were still in custody these types of frivolous filings could result in strikes under 28 U.S.C. § 1915(g).

[6] I have both inherent and statutory authority to impose such sanctions:

> A district court possess inherent authority to take action to prevent abuse of the judicial system. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991); *accord Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002); *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir.1998); *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993); *Gillette Foods Inc. v. Bayernwald–Fruchteverwertung, GmbH*, 977 F.2d 809, 813–14 (3d Cir. 1992). I also note that Federal Rule of Civil Procedure 11 authorizes a district court to impose sanctions on attorneys and parties who bring repeated frivolous lawsuits. *See Yan Zhang v. Equity Props. Trust*, 313 Fed. App'x 926, 927 (8th Cir.2009); *Stilley v. James*, 48 Fed. App'x 595, 597 (8th Cir.2002).

*Urban v. Sells*, No. C14-4025-MWB, 2014 WL 3809977, at *13 (N.D. Iowa Aug. 1, 2014).

Doc. 1-1; C22-0044-LTS, Doc. 1-1; and C22-0045-LTS, Doc. 1-1) without the prepayment of fees.

3. In C21-0083-LTS, the complaint (Doc. 1) is **denied** because Hatchett failed to pay the filing fee or to request leave to proceed in forma pauperis. That case is **dismissed** without prejudice.

4. For the reasons set out above, each of the six remaining complaints (C21-0075-LTS, Doc. 1-1; C21-0087-LTS, Doc. 1-1; C21-0089-LTS, Doc. 1-1; C22-0037-LTS, Doc. 1-1; C22-0044-LTS, Doc. 1-1; and C22-0045-LTS, Doc. 1-1) are **denied** for failing to state a claim and those cases are hereby **dismissed**.

**IT IS SO ORDERED.**

**DATED** this 25th day of May, 2022.

_____
Leonard T. Strand, Chief Judge